UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-139-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MOGEEB ABDU KARAH, | ) |
|    a/k/a "Yaser Ahmed Mohammed | ) |
|    Zelaat" | ) |

This matter is before the Court on Defendant Mogeeb Abdu Karah's motion for production of favorable and impeaching evidence [DE 31], motion for sequestration of United States' witnesses and to require the United States to designate one case agent [DE 32], and motion for notice of intention to use 404(b) evidence [DE 33]. For the following reasons, the motions for production of favorable and impeaching evidence [DE 31] and for notice of intention to use 404(b) evidence [DE 33] are DENIED. Defendant's motion for sequestration of United States' witnesses [DE 32] is GRANTED and the United States is permitted to designate one case agent.

I. BACKGROUND

On April 24, 2012 a grand jury returned a three-count indictment against defendant. Defendant was indicted for (1) making a false statement, in violation of 18 U.S.C. § 1001(a)(3); committing fraud in the course of his naturalization and citizenship proceedings, in violation of 18 U.S.C. § 1015(a); and (3) unlawfully procuring his naturalization as a United States citizen, in violation of 18 U.S.C. § 1425(a). Defendant filed the instant motions on August 31, 2012.

## II. DISCUSSION

A.   Defendant's Motion for Production of Favorable and Impeaching Evidence [DE 31]

The Court DENIES defendant's motion for production of favorable and impeaching evidence. Defendant seeks an order requiring the government to reveal all favorable evidence and the existence of any payments, plea agreements, or promises of immunity, leniency or preferential treatment between the government and any of its prospective witnesses. The government is already obligated pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Giglio v. United States*, 405 U.S. 150 (1972), its progeny, *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16 of the Federal Rules of Criminal Procedure to timely disclose the material defendant seeks. The defendant's motion gives no indication that the government has failed to meet these obligations. Thus, a court order is unnecessary at this time and the motion is DENIED.

B.   Defendant's Motion for Notice of Intention to Use 404(b) Evidence [DE 33]

The Court DENIES defendant's motion for notice of intention to use 404(b) evidence. The government is already obligated to notify the defendant should it intend to use evidence of the defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.") Defendant's request for Rule 404(b) evidence is duly noted, but defendant's motion gives no indication that the government has failed to meet its obligations under the rule. Thus, a court order is unnecessary at this time and the motion is DENIED.

2

C.  Defendant's Motion for Sequestration of United States' Witnesses and to Require the United States to Designate One Case Agent [DE 32]

The Court GRANTS defendant's motion to sequester witnesses. Rule 615 of Federal Rules of Evidence mandates that the Court shall exclude witnesses so that they cannot hear the testimony of other witnesses. Excepted from this rule are parties themselves, designated representatives of corporations, a person whose presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. *See* Fed. R. Crim. Pro. 615(2). A government investigative agent may be exempted under the rule. *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983). Under exception 615(2) only one designated representative is permitted. *United States v. Farnham*, 791 F.2d 331, 334-35 (4th Cir. 1986). Accordingly, defendant's motion to sequester witnesses is GRANTED, and the government is permitted to designate one person as the investigative agent under Rule 615(2).

## III. CONCLUSION

As set forth above, defendant's motions for production of favorable and impeaching evidence [DE 31] and for notice of intention to use 404(b) evidence [DE 33] are DENIED. Defendant's motion for sequestration of United States' witnesses [DE 32] is GRANTED and the United States is permitted to designate one case agent.

SO ORDERED, this 27 day of September, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE